UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RODNEY ARNESS MOORE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-123-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN SANDRA BUTLER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rodney Arness Moore is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Moore has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

**I**

On February 4, 2002, a federal grand jury sitting in Louisville, Kentucky, handed down a twelve-count indictment against Moore and a co-defendant arising out of their commission of a series of three store robberies, each involving threats of violence, the use of a firearm during the commission of the offense, a subsequent carjacking, and possession of a firearm by a convicted felon. On August 26, 2003, Moore reached a plea agreement with the government, and pled guilty to all but two of the counts. On December 30, 2003, the trial court sentenced Moore to a cumulative 400-month term of incarceration. This sentence included a number of concurrent sentences ranging from 120 to 240 months for several offenses, to be followed by a consecutive sentence of 160 months on Count III, which charged that Moore "knowingly used, carried, and brandished ... a firearm" during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). *United States v. Moore*, No. 3:02-CR-21-H (W.D. Ky. 2002). The Sixth Circuit

rejected Moore's challenge to the trial court's refusal to suppress certain evidence on direct appeal. *United States v. Moore*, 130 F. App'x 728 (6th Cir. 2005).

In his petition, Moore relies upon *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013) to contend that the 160-month sentence imposed for violating § 924(c) in Count III violates the Sixth Amendment because the judge, not a jury, found that he had "brandished" the firearm during the robbery, which increased the mandatory minimum for his sentence from five years to seven years pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).[1] [R. 1-1, pp. 2-3]

## II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Moore's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Moore's petition, the Court concludes that it must be denied for two reasons. First, in *Alleyne*, the Supreme Court applied its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005) to hold that if the existence of a particular fact would increase the applicable mandatory minimum federal

---

[1] The Court assumes without deciding that *Alleyne* is implicated notwithstanding the fact that the 160-month guidelines sentence imposed is nearly double the 84-month mandatory minimum required by § 924(c)(1)(A)(ii).

sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155 (*overruling Harris v. United States*, 536 U.S. 545 (2002)). However, a claim of sentencing error under *Alleyne* does not provide a basis for relief under § 2241. *Saccoccia v. Farley*, No. 13-5569, 2014 WL 3607323, at *1-2 (6th Cir. July 22, 2014); *Romero v. Warden Florence FCI*, No. 13-3659, 2014 WL 115304, at *2 (3d Cir. Jan. 14, 2014); *Alsop v. Chandler*, No. 13-10778, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241).

Even if Moore could raise a claim of error under *Alleyne* in a § 2241 petition, it would fail on the merits because the facts which gave rise to the sentence to which he now objects were admitted by Moore when he pled guilty. As the Supreme Court explained in *United States v. Booker*, 543 U.S. 220 (2005), the Sixth Amendment prevents federal judges from making factual determinations that increase a defendant's sentence *beyond those* authorized by either a jury verdict or by the defendant's guilty plea. *Id*. at 244. Count III alleged not merely that Moore had used and carried a firearm during the robbery, but that he had brandished it as well. [R. 1-2, pp. 2-3] *Alleyne* is therefore not implicated because by pleading guilty to this count, Moore admitted the facts predicate to a sentencing enhancement and commensurately waived any right under the Sixth Amendment to a jury determination regarding them. *Frazier v. Sepanek*, No. 13-CV-112-HRW (E.D. Ky. 2013); *United States v. Eziolisa*, No. 3:10-cr-39, 2013 WL 3812087, at *3 (S.D. Ohio July 22, 2013) ("the *Apprendi* line of cases does not apply at all to facts admitted

by a defendant. When a defendant makes a valid waiver of jury trial, there is no occasion for any jury to make any finding in the case. And where a defendant goes further and admits the fact upon which the enhanced sentence depends, there is no occasion for a jury to find that fact either."); *Hawthorne v. United States*, No. 1:07-CV-30, 2007 WL 148842, at *3 n.6 (N.D. Ohio Jan. 16, 2007).

Accordingly, **IT IS ORDERED** that:

1. Moore's petition for a writ of habeas corpus [R. 1] is **DENIED**.
2. The Court will enter an appropriate judgment.
3. This matter is **STRICKEN** from the active docket.

This the 14th day of August, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge